[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
CT Page 5419
I.
The instant case concerns a derivative action brought by the plaintiff Muthu Sankaran against the officers and directors of PCT Corporation. As noted in an earlier decision of this court on a Motion to Dismiss:
 According to the complaint, the plaintiff "formed a company called Packaged Communication Technology to develop and market computer software. PCT is incorporated in the State of Delaware. . . . He was on the first Board of Directors." The plaintiff was also the first president of the corporation but was later discharged by the Board. The plaintiff claims that the officers and directors of PCT Corporation engaged in various actions to benefit themselves individually and in so doing breached their fiduciary duties toward PCT Corporation and its shareholders.
The defendant Ronald Jarvis now moves this court to strike the complaint on the grounds that the plaintiff is not the proper person to bring this action.
II.
a.
In the first paragraph of his complaint, the plaintiff alleges that he "brings this action as a derivative action in the right and for the benefit of PCT Corporation . . . as a result of acts committed by its managers and directors." As noted by the defendant, derivative actions are governed by General Statutes § 52-572j which states, in part,
 [t]he derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association. CT Page 5420
The defendant argues that the allegations of the complaint make it clear that Mr. Sankaran does not fairly and adequately represent the interests of the shareholders because his claims are mainly personal — and thus in conflict with those of the other shareholders.
The plaintiff was more than an ordinary shareholder. According to the complaint, he created, with others, the corporation's most valued asset, the CAD program (paragraphs 8, 15). Additionally, he signed personal guarantees totalling more than $263,000.00 (paragraph 9), loaned the corporation $15,000.00 to pay employees (paragraphs 10; 13), was president and a major shareholder owning 1,600,000 shares (out of a total 7,000,000 shares) (paragraph 11) and was owed $38,000.00 in back salary (paragraph 13). The first count alleges breach of fiduciary duty against the defendants for failure to pay the plaintiff's salary and promissory note, failure to consummate a sale with Triumph Corporation (which could have benefitted [benefited] the plaintiff with a stock value of $1,200,000.00 — paragraph 14) and for surrendering the CAD program to the State of Connecticut. Said surrender allegedly left the plaintiff personally liable to lending institutions. The second count refers to the same facts and alleges that the actions constitute fraud; the third count again with the same facts alleges breach of contract and finally the fourth count alleges negligence.
b. The defendants maintain that this case is controlled by the decision of Barrett v. Southern Connecticut Gas Co.,172 Conn. 362 (1977) in which our Supreme Court found that a plaintiff who sought to represent all shareholders in a derivative suit but who was really seeking to vindicate his personal matters could not provide fair and adequate representation devoid of personal considerations. In Barrett, the plaintiff had several skirmishes with the corporation before certain administrative agencies concerning a proposed merger and rate increase. Barrett subsequently filed two suits, the first seeking damages and the second, in a derivative capacity, alleging waste as a result of the failed merger. In granting the motion for summary judgment, the court noted that:
 it is clear that the damages Barrett seeks in his individual actions will adversely affect the equity interest of the same Southern shareholders he purports to represent CT Page 5421 in this action. The conflict between Barrett's simultaneous maintenance of the individual and derivative actions is made even clearer by the undisputed fact that both suits arise out of the same dispute.
Id., 375.
It is clear from a review of the complaint that the interests in this case will come into conflict. The plaintiff is seeking damages for his salary, loan repayment and guarantee obligations. As noted in the earlier motion to dismiss, the corporation was dissolved in 1991 and according to the complaint, the corporation has no remaining assets. Should the plaintiff succeed in this suit, he would be claiming damages to the detriment of the other shareholders. While he may allege that this case is being brought for all the shareholders, his complaint makes it clear in all counts, paragraphs 25, 27, 29, 31, respectively, that the alleged acts constituted the specific wrong "for the reasons . . . that to the extent assets secured by a lien in favor of various banks and lending institutions was not thereby satisfied the banks claims on plaintiffs personal liability on the guarantees increased." (sic). While such a personal suit may be appropriate, it may not be mixed, in this case, with the derivative suit. The motion to strike is granted.